| Debtor | **Loyde William Knapp** | |
|---|---|---|
| | **Elizabeth Brianne Glyn Knapp** | |

| United States Bankruptcy Court for the | **MIDDLE DISTRICT OF TENNESSEE** | ☐ Check if this is an |
|---|---|---|
| | [Bankruptcy district] | amended plan |

Case number: _____

_____

# Chapter 13 Plan

Part 1: **Notices**

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| 1.1 | **A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor.** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 9.** | ☑ Included | ☐ Not Included |

Part 2: **Plan Payments and Length of Plan**

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1<br>☐ Debtor 2 | **$263.00** | **Bi-Weekly** | **60** months | ☐ Debtor will make payment directly to trustee<br>☑ Debtor consents to payroll deduction from:<br>**Tennova**<br>**ATTN Payroll**<br>**651 Dunlop Lane**<br>**Clarksville, TN 37040** |

Insert additional lines as needed.

**2.2 Income tax refunds.**
*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

_____

_____

**2.3 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $34,189.80.**

Part 3: **Treatment of Secured Claims**

**3.1 Maintenance of payments and cure of default.** Check one.

☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security and claim modification.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full through the trustee as stated below. The claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment |
|---|---|---|---|---|
| **Santander Consumer USA** | **2015 Jeep Cherokee 90,000 miles** | **$19,873.00** | **5.50%** | **$398.21 (Class 3)** |

*Insert additional claims as needed.*

**3.4 Lien avoidance.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:** **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)**

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,250.00 (Class 3)**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☑ The attorney for the debtor(s) shall receive a monthly payment of $**100.00 (Class 3)**.

☐ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
☐ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.
☑ The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
|---|---|
| **US Bankruptcy Court Clerk** | **$310.00 (Classes 1 & 2)** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 3:19-bk-03381    Doc 2    Filed 05/28/19    Entered 05/28/19 16:15:55    Desc Main
Document        Page 2 of 6

*Insert additional claims as needed.*

**Part 5:  Treatment of Nonpriority Unsecured Claims and Postpetition Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

☐  The sum of $
☑  **0.00**  % of the total amount of these claims. **(Class 4)**
☐  The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑  **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐  **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.
☑  The debtor(s) will maintain installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed by the trustee. The allowed claim for the arrearage amount will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage.

| Name of Creditor | Current installment payment | Amount of arrearage to be paid |
|---|---|---|
| **Navient** | **$0.00 (Class 4)** | **$0.00** |

*Insert additional claims as needed.*

**5.4 Separately classified nonpriority unsecured claims.** *Check one.*

☑  **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee. **(Class 5)**

**Part 6:  Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐  **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑  **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| **T-Mobile Bankruptcy Dept** | **CELL** | **$200.00** | **$0.00** |
| | | Disbursed by: | |

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| | | ☐ Trustee<br>☑ Debtor(s) | |

*Insert additional claims as needed.*

## Part 7: Order of Distribution of Available Funds by Trustee

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**

☐ **Regular order of distribution:**

a. Filing fees paid through the trustee

b. Current monthly payments on domestic support obligations

c. Other fixed monthly payments

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

*Insert additional lines as needed.*

d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

*Insert additional lines as needed.*

e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

f. Disbursements to claims allowed under § 1305 (§ 5.5)

☑ **Alternative order of distribution:**

    **1. Filing Fee**
    **2. Notice Fee**
    **3. Monthly Payments on Secured Debts/Attorney's Fees**
    **4. General Unsecured Claims**
    **5. §1305 Claims**

*Insert additional lines as needed.*

## Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*
☐   plan confirmation.
☑   other:    **Entry of Discharge**

## Part 9: Nonstandard Plan Provisions
*Nonstandard provisions are required to be set forth below.*

**These plan provisions will be effective only if the applicable box in § 1.3 is checked.**

**Adequate Protection Payments:**
**Santander @ $25.00**

Student Loan IDR Plan Provisions

Continuation of IDR Plan During Bankruptcy. For the following claims, the plan provides to maintain income-driven repayment ("IDR") plan payments for student loan debt. The Debtor shall not be disqualified due to this bankruptcy filing or the pending bankruptcy case from participation in any IDR plan for which Debtor would otherwise be qualified. The trustee shall disburse the following IDR plan payments, subject to allowance of the claims.

| Claimholder/Servicer | Acct # (last 4) | Estimated balance(s) | IDR Plan Payment | Claim # (if known) |
|---|---|---|---|---|
| Navient | | 72,723.00 | $0.00 | |
| | | | | |

Timeliness of IDR Payments. Unless the Court orders otherwise, the Trustee will not disburse IDR plan payments until confirmation of the Chapter 13 plan and allowance of the claim. The Chapter 13 plan, therefore, provides to cure any IDR plan payment arrearage that accrues prior to the first disbursement under the Chapter 13 plan. If the claimholder does not treat the IDR plan payments included in this cure amount as timely IDR plan payments, the claimholder shall temporarily suspend collections by placing the loan in a status such as "forbearance" or "cessation of payment" until the later of confirmation of the Chapter 13 plan or allowance of the claim.

The Debtor may request modification of the due date for the Debtor's monthly IDR plan payment to help ensure timely application of IDR plan payments disbursed by the Trustee. The absence of a request by the debtor does not modify the duties of the claimholder or servicer in applying any IDR payments disbursed by the Trustee.

Annual Certification and Payment Adjustment. The Debtor shall annually certify (or as otherwise required by the claimholder) the Debtor's income and family size and shall file with the Court a notice of any adjustment (increase or decrease) to any monthly IDR plan payment resulting from an annual certification at least 21 days prior to the effective date of the change. The Trustee is authorized to adjust both the IDR payments to be disbursed to the claimholder and the Chapter 13 plan payment based on any notice of an IDR plan payment adjustment. The Trustee has the discretion to adjust the Chapter 13 plan payment by less than the change to the IDR plan payment.

Dischargeability of Student Loan Debt. This plan does not provide for the discharge of any portion of the Debtor's federal student loan debt(s) under title 11, but it does not preclude a determination of dischargeability in an adversary proceeding.

Waiver of Automatic Stay. The Debtor expressly waives the application of the automatic stay under § 362(a) as to all communications concerning the IDR plan and as to all loan servicing and administrative actions concerning the IDR plan to the extent necessary to effectuate this Chapter 13 plan.

Opportunity for claimholder to cure. Before instituting any action against a federal student loan claimholder under 11 U.S.C. § 362 or for failure to comply with this plan, the Debtor first shall give notice in writing by letter describing any alleged action that is contrary to the plan or 11 U.S.C. § 362(a) and provide a reasonable opportunity to review and, if appropriate, correct such actions. Any notice given under this provision must include the Debtors' name(s), bankruptcy case number, and identification of the Federal Student Loans, and must be mailed to:

[Navient]

c/o The United States Attorney's Office

110 9th Ave S #A961
Nashville, TN 37203

**Part 10:** **Signatures:**

X **/s/ Mary Beth Ausbrooks**                    Date    **May 28, 2019**
    **Mary Beth Ausbrooks**
**Signature of Attorney for Debtor(s)**

   X **/s/ Loyde William Knapp**                    Date    **May 28, 2019**
      **Loyde William Knapp**

   X **/s/ Elizabeth Brianne Glyn Knapp**                    Date    **May 28, 2019**
      **Elizabeth Brianne Glyn Knapp**
**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

Case 3:19-bk-03381    Doc 2    Filed 05/28/19    Entered 05/28/19 16:15:55    Desc Main
Document     Page 6 of 6